UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-20830-CIV-GOLD/SIMONTON

LUZ VILLABA,

        Plaintiff,

v.

RAFAEL PEREZ, BLANCA PEREZ
AND RICO PAN, INC.

        Defendants.
_____/

## PRELIMINARY INSTRUCTIONS

### I. BEFORE VOIR DIRE

Ladies and Gentlemen:

    We are now going to begin the process of selecting those persons who will serve on the jury in this case. I will begin by asking you certain questions about your background, and then counsel for each of the parties in this case will be given twenty minutes each to ask you questions. At the end of the questioning, you will be asked to leave the courtroom. At that time, the lawyers and I will confer, and the members of the jury will be chosen. The goal is find jurors who are fair and impartial, and who have no preconceived ideas about how this case should be decided.

    I want to begin by telling you the nature of this case and the issues you will

decide if you are selected as a member of this jury. I want to caution you at the outset that you should not assume from anything that I say In this case, that I have any view, one way or the other, on the merits of this case.

The Plaintiff claims that she was not paid overtime that is due to her under the Fair Labor Standards Act, and the Defendants deny that she was owed any overtime. To further explain the position of each party, I am going to read a short statement prepared by each of the parties:

The Plaintiff states that she was employed by Defendants as a salesperson in Defendants' bakery starting in or about April 1998 until her resignation in January 2002. Her job duties included helping customers, and re-filling the napkin, salt and sugar dispensers. Plaintiff's duties rendered her non-exempt under the Fair Labor Standards Act (FLSA). Defendants come within the jurisdiction of the FLSA. Plaintiff worked an average of 46-48 hours per week and occasionally worked as much as 53 hours per week. However, Defendants paid her the same amount every week, no matter how many hours Plaintiff worked. Therefore, Plaintiff is due overtime pay for every week in which she worked more than forty hours at a rate equal to one and a half times her regular rate of pay pursuant to the FLSA.

The Defendants state that Rico Pan, Inc. is a small bakery owned by Rafael

Perez, Blanca Perez and another individual not joined in this lawsuit. The bakery employs about thirteen employees including the owners and has gross sales in the amount of about six hundred thousand dollars ($600,000) per year. Plaintiff, Luz Villaba was employed by Rico Pan, Inc. as a sale person/waitress from April of 1998 until she resigned in January 2002. She worked thirty-five (35) hours per week and got paid accordingly. Contrary to Plaintiff's assertion, she did not work an average of forty-six (46) to forty-eight (48) hours a week or as much as fifty-three (53) hours per week. She worked thirty-five hours per week as is evident by her pay stubs, the fact that she, during the time she worked at Rico Pan, Inc., never complained about being shorted in her pay, and the fact that she solicited a letter from the owners of Rico Pan, Inc. and obtained a letter outlining the hours that she worked per week.

The questions that I am going to ask you are printed on the form that my courtroom deputy has given you. The last question on the form asks if there is anything that I did not ask you which would affect your ability to serve fairly and impartially as a juror in this case. Keep in mind the nature of the case, as I have just described it, when you answer this question. In addition, I want to advise you that the trial may last up to three days. We all hope it will be shorter, however, I want you to advise me if there is anything about the length of this trial that would prevent you from giving this case your full attention during that time.

Before I begin, I am going to ask counsel for the parties to introduce themselves, and the parties, and then I will read to you a list of persons who may give testimony in this case, or about whom you may hear testimony. Not all of these persons will necessarily be called as witnesses, but they were involved with the issues raised in this case, and the parties will want to know if you are familiar with any of them. So I want you to pay close attention to these names. One of the questions that I will ask you is whether you know any of these persons. If you think you may know someone, and you need more information, you can ask me for that information at that time.

I'll begin with counsel for the Plaintiff, and then ask counsel for the Defendant to follow.

The list of persons, excluding the parties about whom you have already heard, is as follows:

Marta Lucia

Marta Inez

Diana Alzate

Diane Alzate

Manuela Vargas

Maria Auxiliadora Masis

Monica Taborda

Monica De Las Salas

Esmeralda Garcia

Luz Daris Muriel

Regina Ramirez

Jairo Garcia

Karina Medina

## II. BEFORE TRIAL (AFTER JURY IS SWORN)

**Ladies and Gentlemen:**

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be

necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your

memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with

the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

I also want to advise that during the course of these proceedings neither the lawyers nor the parties to this lawsuit are permitted to speak to the jurors. There is, in effect, a wall of separation. Therefore, they are not permitted to greet you or speak to you if they see you in the lobby or the hallways. Please do not think that they are being rude by ignoring you, they are simply following the Court's instructions.

Now, we will begin by affording the lawyers for each side an opportunity to

make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.