UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SIMONTON
CASE NO. 02-20830-CIV-GOLD/SIMONTON
THIS IS A CONSENT CASE

LUZ VILLABA,
Plaintiff, and similarly
situated individuals;

v.

RAFAEL PEREZ, an individual,
BLANCA PEREZ, an individual,
and RICO PAN, INC.,
a Florida Corporation,
Defendants.
_____/



### DEFENDANTS' OBJECTIONS TO PROPOSED INSRUCTIONS

COME NOW the Defendants, RAFAEL PEREZ, BLANCA PEREZ, and RICO PAN, INC., by and through their undersigned counsel and file their Objections to Plaintiff's Proposed Instructions.

1. At Page 20, Paragraph 11, 3rd line  The Defendants would object that Luz Villaba was given a raise to one hundred and eighty dollars and twenty-five cents ($180.25) per week. Rather, her hours were increased from thirty (30) to thirty five (35) hours per week where she made one hundred and eighty dollars and twenty-five cents ($180.25).

2. At Page 26  The Defendants object to Jury Instruction number 12 and ask that the following instruction be given.

## **EMPLOYER RECORDS**

Every employer subject to the Provisions of the Fair Labor Standards Act or any Order issued under that act shall make, keep and preserve any such records of the persons employed by him and of the wages, hours and other conditions and practices of employment maintained by him and shall preserve such records for such periods of time and shall make such reports therefrom to the administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in § 207(p)(3) of this title may not be required under this subsection to keep a record on the hours of the substitute work.

The records required to be kept pursuant to this section need not be in any particular order or form.

Authority: 29 U.S.C. § 211(c); Hodgson v. A.W. Crossley, Inc. S.D.N.Y. 365 F.Supp. 1131 (1972)

3. The Defendant would object to jury instruction # 13. The Defendant would object to the entire instruction and ask that the following instruction be given in its place.

**FAILURE TO KEEP RECORDS**

The Plaintiff has satisfied her burden of proof if she proves that she has in fact performed work for which she has been improperly compensated and she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may the award damages to the employee even though the result be only approximate.

Authority: Anderson et al. v. Mt. Clemens Pottery Co. 328 U.S. 680 (1946); Donovan v. New Floridian Hotel, Inc. 676 F2d 468 (11 Circuit 1982); Santelices v. Cable Wiring 147 F.Supp.2d 1318; Santelices v. Cable Wiring 146 F.Supp.2d 1318 (S.D.Fla. 2001); Gaylord v. Miami-Dade County 78 F.Supp.2d. 1320 (S.D.Fla. 1999)

4. At page 29, Jury Instruction # 14   The Defendants would object to this instruction in its entirety unless the court finds that the Defendants have intentionally and with malice, destroyed any evidence in this case.

Respectfully submitted,

_____
LOUIS CASUSO, Esq.
FL. Bar Number 0179470
Law Offices of Louis Casuso
111 NE 1st Street
Suite 603
Miami, FL 33132
(305) 374-1500
(305) 374-0127 fax

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to the GARY COSTALES, Esq., Law Offices of Gary A. Costales, P.A., 2151 Le Jeune Road, Suite 200, Coral Gables, FL 33134 on this 22st day of August 2003.

_____
LOUIS CASUSO, Esq.