UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-20830-CIV-GOLD/SIMONTON
MIAMI DIVISION
**THIS IS A CONSENT CASE**

LUZ VILLABA,

       Plaintiff, and similarly situated
individuals,

vs.

RAFAEL PEREZ, an individual BLANCA
PEREZ, an individual and
RICO PAN, INC., a Florida corporation,

       Defendants.

_____/

## PRELIMINARY INSTRUCTIONS
## BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.**   You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**  On the other hand, any exhibits admitted in evidence during the trial *will* be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Note Taking - Permitted.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

CASE NO.: 02CV20830/Gold/Simonton

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - things that might be difficult to remember. Also, your notes should be used only as aids to your memory and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Note taking Not Permitted.** A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors *not* take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony

presented before you and, while some of you might feel comfortable taking notes, other members of the Jury may *not* have skill or experience in note taking and may not wish to do so.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard *all* of the testimony and evidence, the closing arguments or summations of the lawyers *and* my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also a void seeing or hearing any television or radio comments about the trial.

In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or

4

conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, your should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the questions itself.

During the trial it may be necessary for me to confer with the lawyers form time to time out of your hearing with regard to questions of law or procedure that requires consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant(s) will proceed with witnesses and evidence, after which, within certain

5

limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will retire to deliberate upon your verdict.

Now, we begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask you

CASE NO.: 02CV20830/Gold/Simonton

now give the lawyers your close attention as I recognize them for purposes of opening statements.

Authority:    Eleventh Circuit Pattern Jury Instructions, Preliminary Instructions Before Trial

CASE NO.: 02CV20830/Gold/Simonton

# JURY INSTRUCTION NO. 1

## Court's Instructions to the Jury

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - what we call deliberations.

Authority:   Eleventh Circuit Pattern Jury Instructions, Preliminary Instructions Before Trial

### JURY INSTRUCTION NO. 2

**Burden Of Proof**
**When Only Plaintiff Has Burden Of Proof**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

<u>Authority:</u>        Eleventh Circuit Pattern Jury Instruction No. 6.1

## JURY INSTRUCTION NO. 3

### <u>Consideration of the Evidence</u><br><u>Duty to Follow Instructions</u><br><u>Corporate Party Involved</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a

CASE NO.: 02CV20830/Gold/Simonton

fact, such an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Authority:   Eleventh Circuit Pattern Jury Instruction No. 2.2

CASE NO.: 02CV20830/Gold/Simonton

## JURY INSTRUCTION NO. 4

### Credibility of Witnesses

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Authority:   Eleventh Circuit Pattern Jury Instruction No. 3.

## JURY INSTRUCTION NO. 5

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important facts; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness had made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:    Eleventh Circuit Pattern Jury Instruction No. 4.1

## JURY INSTRUCTION NO. 6

### <u>Single Witness</u>

The testimony of a single witness which produces in your minds the belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold a greater belief in the accuracy and reliability of one witness.

<u>Authority</u>:   Pattern Jury Instruction No. CV 208.B, W.D. Michigan

CASE NO.: 02CV20830/Gold/Simonton

## JURY INSTRUCTION NO. 7

### Duty to Deliberate
### When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not , prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>Authority</u>:    Eleventh Circuit Pattern Jury Instruction No. 7.1

## JURY INSTRUCTION NO. 8

### <u>Election of Foreperson</u>
### <u>Explanation of Verdict Form(s)</u>

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

<u>Authority</u>:   Eleventh Circuit Pattern Jury Instruction No. 8.

## JURY INSTRUCTION NO.  9

### <u>Stipulations of Fact</u>

The parties have agreed to certain facts that have been given to you.  You should therefore treat these facts as having been proved:

1.     Plaintiff was an employee of Defendants Rico Pan, Rafael Perez and Blanca Perez from April 17, 1998 through January 11, 2002.

2.     Defendant Rico Pan Inc. is a Florida corporation doing business in Miami-Dade County at all times relevant to Plaintiff's Complaint. Its principal place of business is in Miami-Dade County.

3.     Defendant Rico Pan is a bakery that is owned and operated by Defendants Rafael and Blanca Perez.

4.     Defendant Rico Pan has gross sales of more than five hundred thousand dollars per ($500,000) year and is engaged in interstate commerce, or uses the instrumentalities of such.

5.     Defendant Blanca Perez determines how much the employees of the bakery will be paid and is also in charge of hiring the bakery's employees and managing the employees.

6.     Defendant Rafael Perez works in the bakery every day.

7.     Defendant's bakery is open for business from 7:00 a.m. until 8:00 p.m. seven days per week.

8.    Defendants' bakery uses various ingredients for its products which come from out of state or out of the country.

9.    Plaintiff's job duties included helping customers, and re-filling the napkin, salt and sugar dispensers.  Plaintiff worked behind the counter, as did the other salespersons who worked for Defendants.

10.    Plaintiff Villaba was paid a salary.

11.    Plaintiff's weekly paycheck was exactly $154.50 (gross) for every week that she worked from January 3, 1999 through April 25, 1999. She was then given a pay raise to $180.25 per week (gross) and earned precisely that amount every week until January 11, 2002, which was her last paycheck.  Plaintiff was paid exactly the same amount every week with the exception of February 11, 2001, when she was paid $164.80. Plaintiff was paid exactly the same amount every week for approximately 155 out of 156 weeks.

12.    Defendants' bakery employs approximately thirteen employees as of October 2002, including approximately seven employees who hold the same position held by the Plaintiff – salesperson.

13.    A review of the payroll records for all of Defendants' other employees reveals that in 2001, every employee received precisely the same amount of pay every week with the exception of two employees.

.    13.    Defendant Blanca Perez makes the schedules for all employees.

<u>Authority</u>:    Pre-trial Stipulation.

CASE NO.: 02CV20830/Gold/Simonton

## JURY INSTRUCTION NO. 10

### OVERVIEW OF THE ISSUES

Plaintiff Villaba was employed by Defendants as a salesperson in Defendants' bakery from April 17, 1998 through January 11, 2002. Plaintiff worked for Rico Pan bakery, which is owned and operated by Defendants Blanca and Rafael Perez. Therefore, both Blanca and Rafael Perez are considered to be Plaintiff's employers as well as Defendant Rico Pan Inc. Rico Pan does more than $500,000 in sales per year.

Plaintiff's job duties included helping customers, and re-filling the napkin, salt and sugar dispensers. Both sides agree that Plaintiff's duties rendered her non-exempt under the Fair Labor Standards Act (FLSA), meaning that Defendants were obligated to pay Plaintiff overtime pay, or time and a half if she worked more than 40 hours per week. Defendants' bakery was open for business from 7:00 a.m. until 8:00 p.m., seven days per week.

The central issue in this case is whether Plaintiff worked more than 40 hours per week. Plaintiff claims that she worked an average of 46-48 hours per week and occasionally worked as much as 53 hours per week. Defendants claim that she worked 35 hours per week.

Both sides agree that during the entire time Plaintiff worked for Rico Pan that she was paid the exact same amount, except for one week.   In addition, both sides agree that all of Rico Pan's employees received precisely the same paycheck every week, with the exception of two employees who may have received checks with different amounts on rare occasions.

Rico Pan contends that Plaintiff as well as essentially every employee received the same paycheck because all employees worked precisely the same hours and have worked precisely the same amount of hours for the last three years.

<u>Authority</u>:  Pre-Trial Stipulation, Complaint and Answer.

## JURY INSTRUCTION NO. 11

### Fair Labor Standards Act
### 29 USC § 201 et seq.

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay. The Plaintiff claims that the Defendants did not pay the Plaintiff the overtime pay required by law.

The parties have stipulated or agreed that Plaintiff was an employee of Defendant Rico Pan Inc. as well as Rafael Perez and Blanca Perez from April 17, 1998 through January 11, 2001 and that all Defendants come within the jurisdiction of the Fair Labor Standards Act. Both parties also agree that Plaintiff was not exempt from the overtime provisions of the FLSA.

The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked

24

into the total wages paid for those 40 hours.  The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

The first issue for you to decide is whether Plaintiff worked more than 40 hours per week.  If you find that Plaintiff worked more than 40 hours per week in any week that she worked for Defendants, then you must then decide how often she worked more than 40 hours per week in order to determine the damages due to Plaintiff.  I will be explaining how to calculate damages later in these instructions.  If you find that Plaintiff never worked more than 40 hours per week, then she would not be due any overtime wages.

<u>Authority</u>:  Eleventh Circuit Pattern Jury Instructions (Civil) (1999)(modified);  29 C.F.R. § 541.1(f)(3); 29 C.F.R. § 541.2(e)(2).

## JURY INSTRUCTION NO. 12

### **Employer Records**

The Fair Labor Standards Act requires employers keep records on the number of hours worked by its employees, subject to the Act. The law requires those records show the time and day of the week on which the employee's workweek begins, the starting time and length of each work period, the number of hours worked each work day and the total hours worked each work week.

Authority:   29 U.S.C. §211(c); Department of Labor Regulation 29 C.F.R.
             516, *et. seq.*

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

### Failure to Keep Records

You must determine whether Defendants satisfied their legal requirement to keep records of the number of hours worked by Plaintiff. If you find Defendants did not maintain the legally required records of the hours worked by Plaintiff each work day and each work week, the law allows you to award damages to Plaintiff even if Plaintiff has not proved the precise extent of overtime hours worked.

Plaintiff should not be penalized if Defendants have not kept time records that they were obligated to keep under the law. Plaintiff has the burden of proving that she performed work for which she was not properly compensated. Plaintiff may prove this by the Defendants' time records.

If Defendants have no time records, however, as they would legally be required to keep, then the Plaintiff would be able to meet her burden if she provides sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

If the Plaintiff produces such evidence, then the burden then shifts to Defendants to come forward with evidence of the precise amount of work performed or with evidence to rebut the inference to be drawn from the

Plaintiff's evidence.  If the Defendants fail to produce such evidence, your

may then award some measure of damages to Plaintiff even though the result

may not be precise.


Authority: *Anderson V. Mt. Clemens Pottery Co.*, 328 U.S. 680, 90 L.Ed.
1515, 66 S.Ct. 1187 (1946).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

### Spoliation Of Evidence

If you find that Defendants have destroyed any time records, such as schedules of work, or any records pertaining to Plaintiff's work hours, that Defendants were obligated to retain, then you may infer that the missing records would have been unfavorable to the Defendants.

Authority: *Creative Resources v. Creative Resources Group, Inc.,* 212 F.R.D. 94 (E.D. N.Y. 2002); *Scott v. IBM*, 196 F.R.D. 233 (D. N.J. 2000); *Garcia v. Columbia Medical Ctr.*, 996 F. Supp. 605 (E.D. Tx. 1998); *State v. Barnes*, 777 A.2d 140 (R.I. 2001).

CASE NO.: 02CV20830/Gold/Simonton

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

### <u>Work Week</u>

Under the law all work weeks stand alone.  This means that it is necessary for you to determine the hours worked by Plaintiff on a week by week basis in determining whether she is owed any compensation.  The law does not permit the averaging of hours worked among work weeks.  You cannot reduce the number of overtime hours you find Plaintiff worked by hours not worked by Plaintiff in other weeks.

For example, if an employee worked 50 hours during one week and 30 hours the next, that employee must be found to have worked 10 overtime hours.  You cannot find the employee worked less than 10 overtime hours because of the work week where the employee worked fewer than 40 hours.

<u>Authority</u>:   29 C.F.R. §778.104

CASE NO.: 02CV20830/Gold/Simonton

# JURY INSTRUCTION NO. 16

## <u>Time And Form Of Payment</u>

Under the law overtime compensation earned during a particular work week must be paid on the regular pay day for that work week. The law requires that all payments for overtime be in cash, not compensatory time off or non-cash employee benefits such as health insurance, pension or profit sharing or employer paid parking.

<u>Authority</u>:   29 C.F.R. §§778.106 and 531.27; *Brennan v. State of New Jersey*, 364 F.Supp. 156, 158 (D. N.J. 1973); Department of Labor Opinion Letter No. 913 (12/27/68).

# JURY INSTRUCTION NO. 17

## Statute of Limitations

The Plaintiff bears the burden of showing that the Defendants' conduct was willful for purposes of the statute of limitations. An employer acts willfully, for purposes of establishing the proper statute of limitations, where he or she knows or shows reckless disregard for whether his or her actions are unlawful under the Fair Labor Standards Act. If you find Defendants acted reasonably in determining their legal obligation to Plaintiff, or simply made an error in failing to pay overtime, their violation cannot be willful. If the Defendants' actions were willful, the three-year statute of limitations applies; otherwise, the two-year statute of limitations is applicable.

Authority: *Bankston v. State of Illinois*, 60 F.3d 1249, 1253-54 (7th Cir. 1995); 29 U.S.C. § 216(b); *Pattern Jury Instructions,* Federal Claims Instruction No. 9.1 and Damages Instruction No. 1.1 (11th Cir. 1990 ed.); *Pattern Jury Instructions,* labor and Employment Claims, No. 11.1 (5th Cir. 1992 ed.). See the Equal Pay Act Instructions and Comments at Sections 2.05 and 2.05[4] regarding liquidated and damages and willfulness and Age Discrimination: Liquidated Damages-Willful Violations, Instruction 1.08[J][3].

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 02-20830-CIV-GOLD/SIMONTON
### MIAMI DIVISION
### THIS IS A CONSENT CASE

LUZ VILLABA,

    Plaintiff, and similarly situated individuals,

vs.

RAFAEL PEREZ, an individual BLANCA
PEREZ, an individual and
RICO PAN, INC., a Florida corporation,

    Defendants.

_____/

## V E R D I C T

**We, the Jury, Return the Following Verdict:**

    1.    Do you find by a preponderance of the evidence that Plaintiff has met her burden of proof that she is owed overtime compensation?

YES _____        NO    _____

    2.    If your answer to Question No. 1 above is YES, what is the amount of overtime compensation Plaintiff is owed?

$_____ [Insert Amount]

**SO SAY WE ALL.**

_____

**FOREPERSON**

                                                    _____

                                                        **DATE**